UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD COUSINO,

    Plaintiff,                                        Hon. Janet T. Neff

v.                                                    Case No. 1:21-CV-679

TOWNSHIP OF MARSHALL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Emergency Injunctive Relief. (ECF No. 2). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

Plaintiff brought this action on August 9, 2021, against the Township of Marshall and seven individuals. The present action is another episode in Plaintiff's long-standing battle with the Township. Almost six years ago, Plaintiff initiated action against the Township regarding its efforts to enforce its zoning ordinances against Plaintiff's business. *Cousino v. Township of Marshall*, 1:15-cv-907 (W.D. Mich.). Plaintiff's complaint in that action was dismissed on summary judgment, a determination affirmed by the Sixth Circuit. (*Id.* at ECF No. 60, 67-68, 80).

In the interim, the Township has apparently obtained a state court judgment entitling it to proceed with the enforcement of its zoning ordinances. Plaintiff initiated the present action as a challenge to these efforts. Presently, Plaintiff moves the Court to enter an Order "forever" enjoining the Township from enforcing its state court

judgment and to prohibit the Township from "any further efforts to impose subordinate control over [his] privately-owned property." Plaintiff has not yet served the present motion, nor the underlying complaint, on any of the Defendants.

The decision to grant or deny preliminary injunctive relief falls within the Court's discretion. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 65, the Court may order injunctive relief, without notice to the adverse party, only if two conditions are satisfied. Fed. R. Civ. P. 65(b)(1). First, Plaintiff must present "specific facts in an affidavit or verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to [Plaintiff] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, Plaintiff must certify in writing "any efforts made to give notice [to Defendants] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Plaintiff has failed to satisfy either requirement.

In support of his motion, Plaintiff asserts that the Court must act immediately to prevent action by Defendants, which is not scheduled to occur until August 26, 2021. This date is far enough in the future to permit Defendants to be heard on the matter. Moreover, Plaintiff has failed to articulate any attempts he made to provide notice to Defendants or persuade the Court that notice to Defendants should not be required. Thus, the undersigned recommends that Plaintiff's motion be denied.

Furthermore, even if Plaintiff surmounts these two hurdles, the Court would still recommend that Plaintiff's motion be denied. To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites, which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997).

Plaintiff has failed to demonstrate that he is likely to suffer any injury for which he lacks an adequate legal remedy. Moreover, consideration of the relevant factors weighs heavily against Plaintiff. Plaintiff has not demonstrated that he is likely to prevail on the merits of his lawsuit. Plaintiff has failed to demonstrate that he will suffer irreparable injury in the absence of relief. Finally, the public interest is not served by enjoining, without legitimate justification, efforts by local units of government to enforce their zoning ordinances. This is especially the case where the contemplated action is sanctioned by a state court judgment the lawfulness of which has not been

3

placed into doubt. Accordingly, for the reasons articulated herein, the undersigned recommends that Plaintiff's motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Emergency Injunctive Relief (ECF No. 2) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: August 11, 2021                        /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge