UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD COUSINO,

               Plaintiff,                                  Hon. Janet T. Neff

v.                                              Case No. 1:21-CV-679

TOWNSHIP OF MARSHALL, et al.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 21), Plaintiff's Motion for Default Judgment (ECF No. 25), Plaintiff's Motion for Permanent Injunction (ECF No. 26), Plaintiff's Motion for Declaratory Judgment (ECF No. 34), and Defendant's Motion to Dismiss (ECF No. 38). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions to dismiss, (ECF No. 21 and 38), be granted; Plaintiff's motions, (ECF No. 25, 26, and 34), be denied; and this action terminated.

## BACKGROUND

Plaintiff initiated this action on August 9, 2021, against the Township of Marshall and seven individuals. The present action is another episode in Plaintiff's long-standing battle with the Township. Almost six years ago, Plaintiff initiated action against the Township regarding its efforts to enforce its zoning ordinances against Plaintiff's business. *Cousino v. Township of Marshall*, 1:15-cv-907 (W.D. Mich.). Plaintiff's

complaint in this previous action was dismissed on summary judgment, a determination affirmed by the Sixth Circuit.   (*Id.* at ECF No. 60, 67-68, 80).

In the interim, the Township has secured state court orders authorizing the enforcement against Plaintiff of the Township's zoning ordinances.   Plaintiff initiated the present action as a challenge to these efforts.   Plaintiff's complaint, however, is difficult to decipher.   Federal Rule of Civil Procedure 8 requires Plaintiff to articulate a "short and plain statement" of his claims.   Instead, Plaintiff has submitted a generalized airing of grievances that fails to articulate what causes of action he is pursuing.   Plaintiff has made very clear, however, the relief he seeks.   Plaintiff requests that Defendants "be enjoined from enforcing" various state court orders entered against him and which enable the Township to enforce its zoning regulations.   Plaintiff next requests an injunction preventing Defendants from "any further efforts" to enforce the Township's zoning regulations in the future.   Finally, Plaintiff requests that Defendants be "punitively sanctioned" in amounts ranging from $10,000 to $50,000 for violations of their "oath of office."

Defendants now move to dismiss Plaintiff's complaint.   Plaintiff has likewise filed several motions seeking various relief.   The Court finds that oral argument is not necessary to resolve these motions.   *See* W.D. Mich. LCivR 7.2(d).

## ANALYSIS

**I.**     **Defendants' Motion to Dismiss** (ECF No. 21)

Defendants Marshall Township, Paul Anderson, David Bosserd, Susan George, Jeffery Albaugh, Robert Lyng, and Ron Quinn argue that Plaintiff's complaint is subject to dismissal for failure to state a claim on which relief may be granted.   To analyze Defendants' motion it is necessary to distinguish between the different relief Plaintiff seeks.   Specifically, Plaintiff requests three distinct forms of relief: (1) an order that Defendants "be enjoined from enforcing" various state court orders entered against Plaintiff and which enable the Township to enforce its zoning regulations; (2) an injunction preventing Defendants from "any further efforts to impose superordinate control over [Plaintiff's] privately-owned property"; and (3) Defendants be "punitively sanctioned" in amounts ranging from $10,000 to $50,000 for violations of their "oath of office."

A.     Injunction Against Enforcement of State Court Orders

Defendants argue that Plaintiff's attempt to enjoin enforcement of certain state court orders fails to state a claim.   These claims, however, fail for the more fundamental reason that this Court lacks jurisdiction over them.   While Defendants did not assert this particular argument, the Court can address such sua sponte because such concerns the Court's subject matter jurisdiction.   *See, e.g., Neff v. Flagstar Bank, FSB*, 520 Fed. Appx. 323, 326 (6th Cir., Mar. 25, 2013).

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction.   A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts.   As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

The *Rooker-Feldman* doctrine is "a narrow rule based on the idea that federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts."   *Durham v. Haslam*, 528 Fed. Appx. 559, 563 (6th Cir., June 13, 2013) (citations omitted).   This doctrine applies where a litigant "initiates an action in federal court, complaining of injury caused by a state court judgment, and seeks review and rejection of that judgment."   *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).

*Rooker-Feldman* applies where the state court judgment is the source of a litigant's injury, but does not apply where the state court judgment is simply "intertwined with" the state court judgment.   *Durham*, 528 Fed. Appx. at 563.   To determine which category Plaintiff's complaint falls into, the Court must assess "whether the state court decision caused [Plaintiff's] injury," and the court "cannot determine the source of the injury without reference to [Plaintiff's] request for relief."   *Ibid.*

4

Again, while the allegations in Plaintiff's complaint are difficult to discern, the relief Plaintiff seeks is quite clear.   Plaintiff expressly requests that this Court enjoin Defendants from enforcing certain state court orders entered against Plaintiff regarding the Township's attempts to enforce its zoning regulations.   With respect to this request for relief, Plaintiff's alleged injury flows directly from the state court orders in question and Plaintiff's request to have such invalidated by this Court are the precise types of claims that are precluded by the *Rooker-Feldman* doctrine.   Having determined that the Court lacks subject matter jurisdiction over such claims, the undersigned recommends that such claims be dismissed.

B.      Permanent Injunctive Relief

Plaintiff seeks an order enjoining Defendants from "any further efforts" to enforce the Township's zoning regulations.   As discussed below, however, Plaintiff lacks standing to assert this claim.   Again, while Defendants have not asserted any argument regarding standing, because such implicates its subject matter jurisdiction, the Court can assert it sua sponte.   *See, e.g., Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007).

To establish standing to assert a claim, Plaintiff must establish the following: (1) he has or will suffer an actual injury to a legally protected interest which is (a) concrete and particularized and (b) actual or imminent; (2) the injury is fairly traceable to Defendants' conduct; and (3) it is likely that the injury will be redressed by a favorable decision.   *Ibid.*   Because Plaintiff is requesting prospective relief, allegations of "possible future injury" are insufficient, as Plaintiff must instead establish that there

5

exists a "substantial risk" that he will suffer injury.  *Kanuszewski v. Mich. Dep't of Health and Human Services*, 927 F.3d 396, 405 (6th Cir. 2019).  Plaintiff bears the burden to establish all the elements necessary to establish standing.  *Ibid*.

Plaintiff's allegations here fall short.  Plaintiff's allegations, even if accepted as true, do not demonstrate that he will suffer a concrete and particularized injury to a legally protected interest in the absence of the requested injunction.  Stated differently, Plaintiff has failed to allege that the Township's zoning regulations are unlawful or that the Township is likely to enforce them against him in an unlawful manner.  Instead, Plaintiff simply does not agree with the Township's zoning regulations and its decision to enforce them against him.  Accordingly, the undersigned recommends that this claim be dismissed for lack of standing.

C.   Punitive Sanctions

Plaintiff urges the Court to impose "punitive sanctions" on Defendants for their violations of their "oath of office."   A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  The burden to obtain relief under Rule 12(b)(6), however, rests with Defendant and the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

6

Nevertheless, as the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

While Plaintiff's complaint spills much ink articulating political theories, personal opinions, and generalized grievances, it contains very few factual allegations.   To the extent Plaintiff's complaint contains factual allegations, even if accepted as true, they

fail to establish that Defendants violated their "oaths" or otherwise violated Plaintiff's rights.   Plaintiff's allegations establish nothing more than his dislike for the Township's zoning regulations and the enforcement thereof.   While Plaintiff may personally believe that Defendants are engaged in "quasi-dictatorial" misconduct and attempting to enact "martial rule," such conclusory statements fail to state a claim on which relief may be granted.   Accordingly, the undersigned recommends that Plaintiff's "violation of oath of office" claims be dismissed.

## II.   **Plaintiff's Motion for Default and Default Judgment** (ECF No. 25)

Plaintiff initiated this action on August 9, 2021, against the defendants identified above as well as the Honorable Michelle Richardson.   Judge Richardson answered Plaintiff's complaint on September 28, 2021.   (ECF No. 22).   On October 7, 2021, Plaintiff filed the present motion seeking entry of default and default judgment based on Judge Richardson's alleged failure to timely answer his complaint.   Defendant Richardson opposes Plaintiff's motion on the ground that, because Plaintiff's attempt at service was improper, her answer was not untimely.   The Court agrees.

Federal Rule of Civil Procedure 4(e) provides that service of the summons and complaint may properly be accomplished on an individual in several ways: (1) delivering a copy in the manner provided for under the relevant state law,[1] (2) delivering a copy

---

[1] Under Michigan law, service can be accomplished by delivering a copy of the summons and complaint (1) "to the defendant personally," (2) sending such by registered mail, return receipt requested, and delivery restricted to the addressee, or (3) serving such "on an agent authorized by written appointment or by law to receive service of process." Mich. Court Rule 2.105.

to the "individual personally," (3) leaving a copy at the individual's residence with someone of suitable age and discretion, or (4) delivering a copy to an agent "authorized by appointment or by law to receive service of process."   Plaintiff bears the burden to establish that service was properly accomplished.  *See Mettles v. Armitage*, 2020 WL 1508509 at *2 (E.D. Mich., Mar. 30, 2020).   Plaintiff has failed to make the requisite showing.

Plaintiff asserts that, on August 9, 2021, he and John Teachout entered Judge Richardson's courtroom to attempt service.   (ECF No. 42-43).   According to Plaintiff, this attempt was unsuccessful because a court officer refused to allow Plaintiff or Teachout to approach the bench where Judge Richardson was sitting.   In response, Plaintiff and Teachout proceeded to the Clerk's Office and provided a copy of the summons and complaint with a person named Amber.   Plaintiff's attempt at service fails for two reasons.

First, it was improper for Plaintiff to participate in the attempt to serve Richardson.   *See* Fed. R. Civ. P. 4(c)(2).   Second, a copy of the summons and complaint was not personally delivered to Judge Richardson.   The Court recognizes that, where a *defendant* evades or refuses service, something short of "in-hand" delivery may be sufficient.   *See, e.g., German Free State of Bavaria v. Toyobo Co., Ltd.*, 2007 WL 851872 at *4 (W.D. Mich., Mar. 20, 2007) ("service is proper when a *defendant* attempts to evade service of process and the papers are left within his control but not in his hand"); *Barclay v. Crown Building and Development, Inc.*, 617 N.W.2d 373, 378 (Mich. Ct. App. 2000) (same).

9

Plaintiff asserts that the court officer thwarted his attempt to serve Judge Richardson.   Such does not, however, result in a conclusion that delivering the summons and complaint to a court clerk is sufficient.   Plaintiff has presented no evidence that Judge Richardson evaded or refused service.   Moreover, even if the court officer's actions can be attributed to Judge Richardson, Plaintiff has identified no authority establishing that, under such circumstances, delivery to an individual in a completely different location was sufficient.   The Court concludes therefore, that because Plaintiff never properly effected service on Judge Richardson she did not fail to timely answer the complaint.   The undersigned recommends, therefore, that Plaintiff's motion for default and default judgment be denied.

## III.   **Defendant's Motion to Dismiss** (ECF No. 38)

The claims asserted against Judge Richardson are the same claims discussed above.   As already noted, Plaintiff lacks standing to seek injunctive relief against the enforcement of the Township's zoning regulations.   As for Plaintiff's other claims, such challenge actions taken by Judge Richardson in her official capacity.   Judicial officers enjoy immunity from civil suits seeking money damages.   *See, e.g., Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007).   This immunity likewise extends to claims asserted under 42 U.S.C. § 1983 seeking injunctive relief.   *See, e.g., Johnson v. Edgar*, 2015 WL 869320 at *3 (W.D. Mich., Feb. 27, 2015); *Lawrence v. Pelton*, 413 F.Supp.3d 701, 711 (W.D. Mich. 2019).   Accordingly, the undersigned recommends that Judge Richardson's motion to dismiss be granted.

10

## IV.    Plaintiff's Motion for Permanent Injunction (ECF No. 26)

Plaintiff asserts in an affidavit that, in the early morning hours of November 5, 2021, Sheriff's Deputies entered his residence, detained him, and executed a "bogus" search warrant.[2]   (ECF No. 26-1, PageID.228-31).   Declaring this an "act of war," Plaintiff moves for "emergency injunctive relief."   Specifically, Plaintiff moves the Court to enjoin the Calhoun County Sheriff's Department from violating his rights in the future.   Plaintiff also requests that the Court order the return of certain items seized during the search of his property.

Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).   To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).   If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).   Rather than prerequisites, each of which must be satisfied, the relevant factors, none of which are dispositive, are competing

---

[2] According to the search warrant, officers were searching for a stolen vehicle.   (ECF No. 26-2, PageID.232-33).

considerations to be weighed and balanced.   *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997).   Ultimately, the decision whether to grant injunctive relief lies within the court's discretion.   *See Dana Corp.*, 251 F.3d at 1118.

Plaintiff's request that law enforcement officials not violate his rights in the future is overbroad and improper.   *See, e.g., Koetje v. Norton*, 2014 WL 4705410 at *3 n.1 (E.D. Mich., June 17, 2014) ("obey-the-law" injunctions are not proper); *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 841-42 (7th Cir. 2013).   As for Plaintiff's request for the return of certain items seized during the search of his property, Plaintiff has failed to demonstrate that he is entitled to the return of the items in question.   The undersigned, therefore, recommends that Plaintiff's motion for injunctive relief be denied.

## V.   **Plaintiff's Motion for Declaratory Judgment** (ECF No. 34)

Plaintiff moves for declaratory relief.   Specifically, Plaintiff requests that the Court answer a series of questions "concerning the rights and legal relations of the respective parties."   The questions to which Plaintiff seeks answers include inquiries such: (1) "is the corporate Township of Marshall operating under military authority (that is, 'martial rule')?"; (2) "can the governmental (sic) assert legal claims that are in violation of the natural rights of Americans?"; (3) "is a 'civil right' actually a 'privilege' which can be granted or denied at the discretion of government?"; (4) "is the Township of Marshall a corporation?"; and (5) "can a corporation impose enforcement of its policies

12

and ordinances over an individual outside of the existence of an existing contractual relationship?".

Pursuant to the Declaratory Judgment Act, the Court, "in a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any interested party seeking such declaration." *Cardinal Health, Inc. v. National Union Fire Insurance Co.*, 29 F.4th 792, 796 (6th Cir. 2022).  The Supreme Court, however, has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'"  *Ibid.* (citations omitted).

When determining whether to exercise jurisdiction over a request for declaratory relief, the Court considers the following factors: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose; (3) whether the declaratory remedy is being pursued for legitimate reasons; (4) whether the declaratory action would improperly encroach upon state jurisdiction; and (5) whether there exists a better or more effective remedy.  *Id.* at 796-97.

Consideration of these factors all heavily weigh against Plaintiff's request.  The questions Plaintiff presents would not settle the present controversy.  Plaintiff's request serves no useful or legitimate purpose.  Plaintiff's request constitutes an improper encroachment on the jurisdiction of the Michigan courts that have previously addressed this matter.  Finally, there certainly exists a better or more effective remedy for Plaintiff than pursuing legal action in this Court which is either outside this Court's jurisdiction

13

or fails to assert a colorable claim for relief.   Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that (1) Defendants' Motions to Dismiss (ECF No. 21 and 38) both be granted; (2) Plaintiff's Motion for Default Judgment, Plaintiff's Motion for Permanent Injunction, and Plaintiff's Motion for Declaratory Judgment (ECF No. 25, 26 and 34) all be denied; and (3) this action terminated.

For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 4, 2022                          /s/ Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge