UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD JUNIOR COUSINO,

    Plaintiff,

v.

TOWNSHIP OF MARSHALL, et al.,

    Defendants.
_____/

Case No. 1:21-cv-679

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff, proceeding pro se, initiated this action against Defendant Marshall Township and others based on an ongoing zoning dispute. Defendants filed two motions to dismiss (ECF Nos. 21 and 38). Plaintiff filed a Motion for Default Judgment (ECF No. 25), a Motion for Permanent Injunction (ECF No. 26), and a Motion for Declaratory Judgment (ECF No. 34). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the Court grant Defendants' motions to dismiss and deny Plaintiff's motions. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the reasons stated below, the Court denies the objections and issues this Opinion and Order.

The Magistrate Judge noted that Plaintiff's Complaint "is difficult to decipher" (ECF No. 45 at PageID.498). Although Plaintiff takes issue with the Magistrate Judge's statement, his objections are equally as difficult to discern. The objections primarily consist of excerpts from various cases, and Plaintiff largely fails to make specific objections to the Magistrate Judge's

analysis. Plaintiff's general objections do not satisfy the specific objection requirement. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), abrogated on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Only those objections that are specific are entitled to a de novo review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). Accordingly, the Court will address only the specific objections.

The Court construes Plaintiff's filing as making two specific objections. First, Plaintiff argues that the Magistrate Judge erred in recommending that the Court deny Plaintiff's Motion for Default Judgment. Specifically, Plaintiff alleges that, contrary to the Magistrate Judge's determination, he did not participate in serving the complaint and summons on the Honorable Michelle L. Richardson and was only a "non-participating witness" (ECF No. 46-1 at PageID.524). He further argues that service was properly effectuated by delivering the complaint and summons to "Amber" at the "business office of the 10th District Court" (ECF No. 46 at PageID.512).

Plaintiff has the burden to show that service was properly accomplished. *See Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). Even assuming that Plaintiff did not participate in the service attempt, Plaintiff presents no evidence that Judge Richardson evaded or refused service. In sum, the Court agrees with the Magistrate Judge's conclusion that Plaintiff has failed to show that delivering the summons and complaint to an individual at the business office, as directed by a court bailiff, effected service on Judge Richardson.

Second, Plaintiff argues that the Magistrate Judge misconstrued the "nature of the claims" in the Complaint. He also argues that the Magistrate Judge failed to recognize that his claims were brought against "a public corporation and certain individual state actors, and was never directed against any sovereign entity" (ECF No. 46 at PageID.519). The Court finds no error. Plaintiff's

Complaint contains "political theories, personal opinions, and generalized grievances" (ECF No. 45 at PageID.503).  He included few factual allegations and failed to articulate the causes of action he is pursuing.  The requested relief, however, was clear.  Plaintiff sought an (1) injunction against the enforcement of state court orders; (2) an injunction preventing Defendants "from any further efforts to impose superordinate control over [Plaintiff's] privately-owned property;" and (3) monetary sanctions against Defendants for "violations of the oath of office and attempt to injure [Plaintiff]" (ECF No. 1 at PageID.19-20).  The Magistrate Judge analyzed each form of relief and correctly determined that the Complaint failed because of lack of subject matter jurisdiction, lack of standing, and failure to state a claim.  Plaintiff fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 46) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 45) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss (ECF Nos. 21 and 38) are GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's motions (ECF Nos. 25, 26, and 34) are DENIED.

Dated:  July 18, 2022

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge