UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD COUSINO,

    Plaintiff,

v.

TOWNSHIP OF MARSHALL, et al.,

    Defendants.
_____/

Hon. Janet T. Neff

Case No. 1:21-cv-679

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Marshall Township's Renewed Motion for Rule 11 Sanctions. (ECF No. 51). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be granted.

## BACKGROUND

Plaintiff initiated this action against the Marshall Township and seven individuals. This action is another episode in Plaintiff's long-standing battle with the Township. Almost six years ago, Plaintiff initiated action against the Township regarding its efforts to enforce its zoning ordinances against Plaintiff's business. *Cousino v. Township of Marshall*, 1:15-cv-907 (W.D. Mich.). Plaintiff's complaint in this previous action was dismissed on summary judgment, a determination affirmed by the Sixth Circuit. (*Id.* at ECF No. 60, 67-68, 80).

The Township subsequently secured state court orders authorizing the enforcement against Plaintiff of its zoning ordinances. Plaintiff initiated the present action as a challenge to these efforts. Defendants later moved to dismiss Plaintiff's

claims. (ECF No. 21 and 38). Plaintiff responded by filing motions for default judgment, permanent injunctive relief, and declaratory relief. (ECF No. 25, 26, and 34). On May 4, 2022, the undersigned issued a Report and Recommendation that Defendants' motions be granted, Plaintiff's motions be denied, and this action be terminated. (ECF No. 45). On July 18, 2022, the Honorable Janet T. Neff adopted the Report and Recommendation and entered judgment in Defendants' favor. (ECF No. 47-48).

Defendant Marshall Township previously moved the Court to impose sanctions on Plaintiff pursuant to Federal Rule of Civil Procedure 11. (ECF No. 29). The Court denied in part and denied without prejudice in part Defendant's motion. (ECF No. 49). Defendant now renews its motion for sanctions. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## ANALYSIS

Federal Rule of Civil Procedure 11 provides, in relevant part, that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; and

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

2

FED. R. CIV. P. 11(b).

The test for whether sanctions are appropriate is "whether the individual's conduct was reasonable under the circumstances." *Katz v. Rabkin*, 213 Fed. Appx. 387, 389 (6th Cir., Jan. 9, 2007). Moreover, Rule 11 employs an objective standard "intended to eliminate any 'empty-head pure heart'" justifications for otherwise sanctionable conduct. *Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 353 (6th Cir., Aug. 24, 2005).

The rationale for imposing sanctions under Rule 11 is primarily, but not exclusively, deterrence. Rule 11 provides that a sanction imposed thereunder "must be limited to what suffices to deter repetition of the conduct or comparable conduct by those similarly situated." Fed. R. Civ. P. 11(c)(4). Nevertheless, compensating those who bear the brunt of a litigant's sanctionable conduct is not inconsistent with deterrence. *See Rentz v. Dynasty Apparel Industries, Inc.*, 556 F.3d 389, 400 (6th Cir. 2009) ("if compensation was not a recognizable basis for Rule 11 awards, aggrieved litigants would have little incentive to pursue sanctions thus diminishing the important deterrent effect of Rule 11").

Given that deterrence is the primary function of Rule 11 sanctions, there is often a reluctance to order "direct payouts to the opposing party." *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997); *see also*, Fed. R. Civ. P. 11(c)(4) ("the sanction may include nonmonetary directives"). But Rule 11 also expressly authorizes the Court, if "warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation. Fed. R. Civ. P. 11(c)(4). Finally, as the Sixth Circuit has

observed, "because the adequacy of deterrence is to a great extent incommensurable, it makes little sense to require the district court to engage in an extensive discussion of why a particular dollar amount will deter what conduct." *Tilmon-Jones v. Boladian*, 581 Fed. Appx. 493, 497 (6th Cir., Sept. 8, 2014).

The Court discerns nothing reasonable about Plaintiff's conduct in this matter. As the Court previously noted, the present action is merely the continuation of a lengthy legal battle Plaintiff has been unsuccessfully waging, in both state and federal court, against Marshall Township and its efforts to enforce its reasonable zoning regulations. As Judge Neff recognized, Plaintiff's complaint did not articulate any specific claims, but instead advanced "political theories, personal opinions, and generalized grievances." (ECF No. 47, PageID.531-32). As Judge Neff further observed, all of Plaintiff's "claims" were properly dismissed for lack of subject matter jurisdiction, lack of standing, or failure to state a claim. (ECF No. 47, PageID.532).

Simply put, Plaintiff's complaint was frivolous and failed to advance any claim warranted by existing law or by non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law. This assessment applies with equal force to the various motions Plaintiff filed in this matter. (ECF No. 2, 6, 23, 25, 26, 28, 32, 34, 44, 45, 47). In sum, Plaintiff's conduct in this matter was unreasonable and was undertaken for improper purpose. Accordingly, imposition of Rule 11 sanctions is both appropriate and necessary to deter Plaintiff and others from wasting this Court's limited resources and subjecting future litigants to similar behavior.

Having determined that sanctions are appropriate, the question becomes what sanction(s) to impose. Defendant moves the Court to order Plaintiff to pay $6,836.00, the amount in attorney's fees it incurred defending this matter. In light of Plaintiff's conduct in this matter, the undersigned finds appropriate the requested sanction. Specifically, the undersigned finds that the only possible way of effectively deterring Plaintiff from continuing to engage in frivolous litigation is to impose on Plaintiff a substantial portion of the cost of doing so. The amount requested by counsel is reasonable both in terms of hours expended and hourly rates. Accordingly, the undersigned recommends that Plaintiff be ordered to pay to Defendant six thousand, eight hundred thirty-six dollars ($6,836.00) in sanctions.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant Marshall Township's Renewed Motion for Rule 11 Sanctions (ECF No. 51) be granted. Specifically, the undersigned recommends that Plaintiff be ordered to pay to Defendant six thousand, eight hundred thirty-six dollars ($6,836.00) in sanctions pursuant to Federal Rule of Civil Procedure 11.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                             Respectfully submitted,

Date: August 22, 2022                     /s/ Phillip J. Green
                                                      PHILLIP J. GREEN
                                                      United States Magistrate Judge