UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD JUNIOR COUSINO,

    Plaintiff,

v.

TOWNSHIP OF MARSHALL, et al.,

    Defendants.

_____/

Case No. 1:21-cv-679

HON. JANET T. NEFF

**OPINION AND ORDER**

On July 18, 2022, this Court issued an Opinion and Order (ECF No. 47) and entered judgment in favor of Defendants and against Plaintiff (ECF No. 48). Pending before the Court are Plaintiff's "Notice of Objection to Judicial 'Opinion and Order' and 'Judgment' Request for Good Faith Reconsideration ('Alter and Amend') by Affidavit" (ECF No. 50), and Defendant Marshall Township's Motion for Rule 11 Sanctions (ECF No. 51). For the reasons stated below, the Court denies Plaintiff's "Notice of Objection" and grants Defendant's Motion for Rule 11 Sanctions.

    **I.**    **Plaintiff's "Notice of Objection"**

The Court construes Plaintiff's "Notice of Objection" as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (*see* ECF No. 50 at PageID.553). Rule 59(e) motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999).

The Court has reviewed the arguments contained in Plaintiff's motion and concludes that Plaintiff has failed to show a basis for granting relief under Rule 59(e). Plaintiff's motion is similar to his objections to the August 22, 2022, Report and Recommendation. He makes confusing allegations and again cites excerpts from cases but does not explain the relevancy of those excerpts. He complains that the Court did not address some of his specific objections, but does not specifically address the Magistrate Judge's analysis, which this Court adopted. The Court finds no legal error in its analysis of the issue, much less clear legal error. Similarly, Plaintiff has failed to show a different disposition in this case is warranted to prevent manifest injustice.

## II.     Defendant's Motion for Rule 11 Sanctions

Defendant's Motion for Rule 11 Sanctions was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that the Court grant the motion and order Plaintiff to pay Defendant Marshall Township $6,836.00 in sanctions (ECF No. 53). Plaintiff filed objections (ECF No. 54).

Upon receiving an objection to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508–09 (6th Cir. 1991)). A general objection that fails to specify the issues in contention equates to no objection. *Id.* Moreover, objections are not a vehicle to rehash old arguments without explaining why the Magistrate Judge erred in rejecting the arguments. *Jarbou v. JPMorgan Chase Bank N.A.*, 611 F. App'x 342, 343-44 (6th Cir. 2015); *Owens v. Comm'r of Soc. Sec.*, No. 12-47, 2013 WL 1304470, *3 (W.D. Mich. Mar. 28, 2013). This Court may accept,

reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

Plaintiff argues that his claims and pleadings were not frivolous in this case. He contends that the Court permitted him to "e-file" his pleadings, "proving that Plaintiff's pleadings were not considered 'frivolous' at that time" (ECF No. 54 at PageID.607). He further argues that if the pleadings were frivolous, "why has [he] not been charged with perjury" (*id.* at PageID.607).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court finds that Plaintiff's objections are without merit and that the R & R should be adopted. As stated by the Magistrate Judge, there is "nothing reasonable about Plaintiff's conduct in this matter" (ECF No. 53 at PageID.603). Over the past six years, Plaintiff has unsuccessfully challenged Marshall Township's efforts to enforce zoning regulations in both federal and state court. The claims in the present case were not discernable. The Court agrees with the Magistrate Judge's conclusion that the "imposition of Rule 11 sanctions is both appropriate and necessary to deter Plaintiff and others from wasting this Court's limited resources and subjecting future litigants to similar behavior" (*id.*). Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's "Notice of Objection" (ECF No. 50), construed as a Rule 59(e) motion to alter judgment, is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's September 4, 2022, Objections (ECF No. 54) are DENIED, and the August 22, 2022, Report and Recommendation of the Magistrate Judge (ECF No. 53) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Rule 11 Sanctions (ECF No. 51) is GRANTED.  The Court awards fees in the amount $6,836.00 to Defendant Township of Marshall.

Dated:  October 21, 2022

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge